UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:                                          )
                                                )
Sandra H. Jeffreys,                             )
                                                )
                                                )
        Debtor.                                 )
                                                )   Case No. 06-81563-13
_____)

**ORDER AND OPINION**

       This matter came before the court on May 16, 2007 for a hearing on the Motion for Relief from Stay filed by TWT Leasing-Roxboro, d/b/a ColorTyme ("ColorTyme") on April 27, 2007. Sandra J. Pickering appeared on behalf of the Debtor and Benjamin E. Lovell appeared for the Standing Trustee. After considering the Motion, evidence, and arguments of counsel, the court finds as follows:

1. Sandra H. Jeffreys (the "Debtor") filed her most recent Chapter 13 Voluntary Petition on November 30, 2006. Her current plan was confirmed on April 23, 2007.

2. The Debtor previously filed a Chapter 13 Voluntary Petition in the Middle District of North Carolina (05-80685) on March 7, 2005. That case was dismissed on March 20, 2006.

3. On April 19, 2005, approximately one month after filing her first Chapter 13 Petition and without court permission, the Debtor entered into a lease with ColorTyme for a 57" television set (the "Lease"). Under the terms of the Lease, the Debtor was to pay $135.99 per month for 30 months.

4. The Debtor subsequently defaulted on her obligations under the Lease, and ColorTyme brought motions in the prior case requesting relief from the automatic stay to repossess the television set and an order to compel the Debtor to either assume or reject the Lease. This court granted ColorTyme's motion for relief from stay on February 9, 2006 and gave ColorTyme 120 days to file a deficiency claim.

5. After granting ColorTyme's motion for relief from stay, this court entered a subsequent Order granting ColorTyme's motion to compel the Debtor to reject the Lease, and deemed the Lease rejected under 11 U.S.C. § 365.

6. In its current Motion for Relief from Stay, ColorTyme states that the television set was never repossessed after relief from stay was granted because the Debtor brought her account current.

7.  The Debtor filed a Notice of Proposed Plan in her current case on February 28, 2007 which listed the debt to ColorTyme as a lease to be paid directly by the Debtor at $121.67 per month.  The Debtor's current plan was confirmed on April 27, 2007.

8.  ColorTyme's current Motion for Relief from Stay indicates that, although the Debtor assumed the Lease in her current Chapter 13 plan, no payments have been made since November 22, 2006.

9.  However, the Debtor could not have assumed the Lease in her current Chapter 13 case once it was deemed rejected.  Although 11 U.S.C. § 349 operates to restore property rights to their initial positions after a bankruptcy case is dismissed, it only does so with regards to specific enumerated sections of the Bankruptcy Code, and § 365, which governs assumption or rejection of leases, is not one of the enumerated sections.  11 U.S.C. § 349(b) (2005); *see also In re BSL Operating Corp.*, 57 B.R. 945, 952 (Bankr. S.D.N.Y. 1986) ("Section 365 is not one of the enumerated sections affected by a section 340(b)dismissal."); 2 Collier ¶ 349.03 at 349-8.  Therefore, the Lease, once rejected, could not be assumed in the Debtor's current Chapter 13 plan.  Accordingly, ColorTyme's current Motion for Relief from Stay must be granted.

For the above reasons, ColorTyme's Motion for Relief from Stay pursuant to 11 U.S.C. § 362 is GRANTED, and the stay is modified to allow ColorTyme to repossess the television and foreclose under its security agreement.  ColorTyme shall have 120 days from the entry of this Order within which to file a documented deficiency claim with the Chapter 13 office.  Failure to file a documented deficiency claim within 120 days will result in the release of the television being in full satisfaction of the indebtedness due ColorTyme.  The stay of this Order under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not applicable.

**PARTIES IN INTEREST**
**Page 1 of 1**
**06-81563 C-13D**

Sandra H. Jefferys
5308 Redwood Dr.
Durham, NC  27704

Sandra J. Pickering, Esq.
600 Franklin Square
1829 E. Franklin Street
Chapel Hill, NC  27514

Richard M. Hutson, II
Standing Trustee
PO Box 3613
Durham, NC 27702

William W. Webb, Esq.
PO Box 1509
Raleigh, NC  27602